**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHIRLEY MUHLEISEN, | DOCKET NUMBER |
| Appellant, | DE-1221-13-0345-B-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 28, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shirley Muhleisen, Marrero, Louisiana, pro se.

Johnston B. Walker, Jackson, Mississippi, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which found that her individual right of action (IRA) appeal concerning an alleged involuntary resignation was barred based on the doctrine of collateral estoppel.  Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed the instant IRA appeal, alleging that the agency took a number of actions against her in reprisal for whistleblowing. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-W-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). On review, the Board affirmed in part. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-W-1, Remand Order (RO), ¶¶ 6-7 (Nov. 10, 2014). However, based on a new argument first presented on review, the Board found that the appellant had presented nonfrivolous allegations that she made a protected disclosure that was a contributing factor in her allegedly involuntary resignation in 1999. RO, ¶¶ 8-9. Therefore, the Board remanded that lone remaining claim and instructed the administrative judge to give the appellant an opportunity to establish that her resignation was involuntary and recognizable as a personnel action within the Board's jurisdiction over IRA appeals. RO, ¶¶ 10-11.

¶3  On remand, the agency argued that the appellant should be collaterally estopped from further pursuing her involuntary resignation claim before the Board. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-B-1, Remand File (RF), Tab 20, Tab 27, Remand Initial Decision (RID) at 3-4. In support of that argument, the agency presented evidence of a lawsuit the appellant pursued against the agency many years ago in Federal court. *Muhleisen v. Principi*, 73 F. App'x 320 (10th Cir. 2003); RF, Tab 14 at 83-89, Tab 20 at 6-40. After holding a jurisdictional hearing, the administrative judge dismissed the appellant's involuntary resignation claim based on collateral estoppel. RID at 7-12. The appellant has filed a petition for review. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-B-1, Remand Petition for Review (RPFR) File, Tab 3. The agency has filed a response.[2] RPFR File, Tab 5.

¶4  Under the doctrine of collateral estoppel, once an adjudicatory body has decided a factual or legal issue necessary to its judgment, that decision may preclude relitigation of the issue in a case concerning a different cause of action involving a party to the initial case. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party

---

[2] Long after the time allotted for her to submit a reply brief, the appellant filed two motions. The first, which she titled as a motion to strike, contains a lengthy list of alleged improprieties on the part of the agency and adjudicators to her various appeals, ranging from fraud to violations of due process and the Privacy Act of 1974. RPFR File, Tab 8 at 2-9. The second, which she titled as a motion to add new information and exhibits, ambiguously refers to a recent email from the Office of Personnel Management as a "very important piece of information," before providing another lengthy list of alleged wrongdoings. RPFR File, Tab 9 at 2-5. These motions are denied.

against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Id.* As further detailed below, we find no basis for disturbing the administrative judge's decision to dismiss the appellant's remaining IRA claim based on collateral estoppel.

¶5      According to the August 2002 recommendations of the presiding Magistrate Judge, the appellant's prior lawsuit against the agency included allegations that she was subjected to gender discrimination, resulting in a number of improprieties, including her constructive discharge. RF, Tab 20 at 6. The Magistrate Judge recognized that "[a]n employee is constructively discharged when her working conditions are so intolerable that a reasonable person would feel compelled to resign." *Id.* at 29. The Magistrate Judge observed that it was the appellant's burden of proving that her "employment conditions were 'objectively intolerable,' such that she 'had no other choice but to quit.'" *Id.* at 30 (quoting *Sanchez v. Denver Public Schools*, 164 F.3d 527, 534 (10th Cir. 1998)). Using that legal standard, the Magistrate Judge concluded that the appellant's resignation was not, in fact, involuntary. *Id.* at 30-32. Among other things, she considered the appellant's allegations that she had been denied promotions, step increases, favorable work assignments, and leave requests. *Id.* at 30. She found that the appellant had been looking for employment elsewhere in the years leading up to her resignation and had applied for early retirement months before her resignation. *Id.* In addition, the Magistrate Judge found that the appellant had applied for admission to a paralegal school scheduled to begin the same month as her resignation and actually began attending that program as a day student just days after her resignation. *Id.* According to the Magistrate Judge, the appellant thus failed to establish "a genuine material fact issue about the objective reasonableness of her working conditions." *Id.* at 32.

¶6      The Chief Judge for the U.S. District Court for the District of Colorado reviewed the Magistrate Judge's recommendations and concluded that they were

correct. *Id*. at 35-36. Therefore, he granted the agency's motion for summary judgment and dismissed the appellant's complaint. *Id*. at 36-39. The U.S. Court of Appeals for the Tenth Circuit affirmed that decision in July 2003. *Muhleisen*, 73 F. App'x at 320; RF, Tab 14 at 83-89. Among other things, the court held that the appellant's subjective expectations had not been met and she had personal conflicts with both supervisors and coworkers, but she did not establish objectively unreasonable working conditions. *Muhleisen*, 73 F. App'x at 325-26; RF, Tab 14 at 89.

¶7      We agree with the administrative judge's conclusion that the dispositive issue in the instant IRA appeal, the voluntariness of the appellant's resignation in 1999, is identical to that which was adjudicated in her prior lawsuit. RID at 8-9. Although she reasserts various allegations about her working conditions on review, and suggests that the issues are not identical, we discern no meaningful distinction between the allegations and legal principles in her prior lawsuit and those in this IRA appeal, even though the former relied on a theory of gender discrimination and the latter relied on a theory of whistleblower retaliation. *E.g*., RPFR File, Tab 3 at 2-3, 10, 19-20; *see Tanner v. U.S. Postal Service*, 94 M.S.P.R. 417, ¶ 11 (2003) (recognizing that before a party can invoke collateral estoppel, the legal matter raised in the subsequent proceeding must involve the same set of events or documents and the same bundle of legal principles that contributed to rendering the first judgment). It is also evident, as the administrative judge found, that whether the appellant's resignation was voluntary was actually litigated in her prior lawsuit and the finding of voluntariness was necessary to the resulting judgment. RID at 9; RF, Tab 20 at 29-32; *see Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 20 (2014) (finding that the "actually litigated" element and all others were met for purposes of collateral estoppel when an issue raised in a Board appeal previously was disposed of in District Court via summary judgment). On review, the appellant seems to implicate the fourth element of collateral estoppel, arguing that she was

provided poor representation during a portion of her lawsuit and proceeded pro se during the remainder. *E.g.*, RPFR File, Tab 3 at 21-22. Nevertheless, we agree with the administrative judge's conclusion that the appellant had a full and fair opportunity to litigate the issue in the prior action. RID at 9-11; *see McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 13-15 (2005) (clarifying that the fourth element of collateral estoppel does not require that the appellant have been represented in the earlier action, but instead requires that the appellant had a full and fair opportunity to litigate the issue).

¶8    Although we have reviewed the appellant's remaining arguments, including attacks on the validity of the judgment in her prior lawsuit and complaints concerning the timing of the agency's assertion of collateral estoppel in this appeal, we find no basis for reaching a different result. *See generally* RPFR File, Tab 3 at 2-25.

¶9    Accordingly, we find that the administrative judge properly determined that the appellant's involuntary resignation claim was barred under the doctrine of collateral estoppel.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have determined that none impact the outcome.

[4] Since the issuance of the remand initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                                 _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.