NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3151

BARBARA A. JACKSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Barbara A. Jackson, of Indianapolis, Indiana, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel; and Stephanie M. Conley, Acting Associate General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3151

BARBARA A. JACKSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH1221060643-W-I.

_____

DECIDED: July 8, 2008

_____

Before MICHEL, Chief Judge, RADER and MOORE, Circuit Judges.

PER CURIAM.

Barbara A. Jackson petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing her appeal as untimely filed. Jackson v. Dept. of Defense, CH-1221-06-0643-W-I (M.S.P.B. Nov. 30, 2007). Because Jackson failed to provide good cause for her delay, the Board's dismissal of her appeal as untimely was not an abuse of discretion. We therefore affirm.

**I.**

Jackson worked for the Department of Defense ("agency") as a military pay supervisor until 2001. In July 2000, she applied for disability retirement, which the agency disallowed. She appealed that decision, but both the Board and this court affirmed the agency's decision.

In July 2001, the agency removed Jackson because she had not worked for the preceding year. Jackson appealed her removal to the Board, also alleging discrimination, making her appeal a mixed case. Apparently based on a conversation with the Administrative Judge ("AJ") assigned to her appeal, Jackson believed that the Board did not have jurisdiction to review her case, and she withdrew her appeal. She then filed a discrimination complaint with the agency which it denied because she had filed first with the Board; the EEOC affirmed the agency's dismissal; and in July 2004, a district court granted a motion to dismiss her complaint on the same grounds.

In January 2006, Jackson filed a complaint with the Office of Special Counsel ("OSC") alleging improper removal. After OSC terminated its investigation, Jackson filed an individual right of action ("IRA") appeal with the Board. The AJ assigned to that appeal dismissed it as barred by the doctrine of res judicata. Jackson petitioned the full board for review. On September 11, 2007, the Board issued an order holding that the dismissal of her 2001 appeal would be deemed without prejudice to its re-filing, and provided Jackson with an opportunity to show cause why her appeal should not be dismissed as untimely because of the delay in re-filing.

On October 25, 2007, Jackson filed a declaration explaining the events from the time her case began until she filed her present appeal.

On November 30, 2007, the Board granted the petition for review, reversed the AJ's determination that the appeal was barred by res judicata, but dismissed the appeal as untimely filed. The Board concluded that her decision to withdraw her 2001 appeal was based on misinformation or misunderstanding: "the appellant appeared to have withdrawn her 2001 removal appeal based on her belief that she retained the right to file a discrimination complaint challenging that action; . . . that belief was erroneous since her filing of an appeal prior to filing the discrimination complaint precluded her subsequent pursuit of the complaint." In particular, the Board concluded that it was more likely than not that the AJ had made statements that led Jackson to believe that the Board lacked authority to review the discrimination claims in her appeal. The Board, however, concluded that Jackson was subsequently and repeatedly informed that this belief was incorrect when the agency, EEOC, and district court all dismissed her complaint. The Board noted that after the district court dismissed her discrimination complaint, she submitted requests to re-open her disability retirement appeal but did not request re-opening of this appeal until much later. The Board also noted that Jackson was represented by counsel "throughout her attempts to challenge her agency's and OPM's actions." Thus, the Board concluded that she had failed to show good cause for her untimeliness.

Jackson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our review of Board decisions is limited by statute. "We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). Because we discern no abuse of discretion in the Board's determination that Jackson failed to show good cause for her delay in re-filing her removal appeal, we affirm.

After voluntarily dismissing the appeal of her removal, Jackson pursued her claims before the agency, the EEOC, and the district court; her claims were dismissed because they presented a mixed discrimination case and she had first filed an appeal before the Board. The proceedings before the district court concluded in July 2004, but she did not seek to re-open her removal appeal until January 2006, one and a half years later, when she filed a complaint with the OSC. During that year and a half delay, she was represented by counsel who pursued attempts to re-open her disability retirement appeal but not her removal appeal. Jackson's declaration submitted in response to the Board's show cause order details her attorney's attempts to re-open her disability retirement appeal and states that she had conversations with the OSC to determine how to file a complaint with that office, but provides no other reasons why she delayed in seeking re-opening of her removal appeal once she learned she was proceeding in the wrong forum. Based on the record before it, we see no error in the Board's decision that Jackson did not show good cause for her delay.

In this appeal, Jackson argues that the Board erred by re-opening the wrong appeal. According to Jackson, the Board should have re-opened her disability retirement appeal rather than her removal appeal; if the Board had done so, she contends, her re-filing would have been timely because she moved to re-open her disability retirement in January 2005, whereas she waited another year to initiate proceedings as to her removal in the OSC. We find, however, that the Board correctly concluded that Jackson was seeking to re-open the removal appeal. In the petition for review of the AJ's decision, Jackson stated, "the denial of Appellant's disability by OPM is final and not the subject of this appeal." Additionally, the Board's reason for reversing the AJ's initial determination here, that Jackson's voluntary dismissal of her removal appeal was based on misinformation that the EEOC was the correct forum in which to proceed, has no applicability to her disability retirement appeal.

Because Jackson did not show good cause for her delay, we affirm the Board's dismissal of her appeal as untimely.