# United States Court of Appeals for the Federal Circuit

---

**ROB BRYANT, BRIAN FERGUSON, ANDREAS HAU,**
*Petitioners*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor*

---

2017-1241, 2017-1243, 2017-1245

---

Petitions for review of the Merit Systems Protection Board in Nos. SF-4324-16-0265-I-1, SF-4324-16-0267-I-1, SF-4324-16-0268-I-1.

---

Decided: December 29, 2017

---

MATTHEW JAMES DOWD, Dowd PLLC, Washington, DC, argued for petitioners. Also represented by BRIAN J. LAWLER, Pilot Law PC, San Diego, CA,

JEFFREY A. GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH, CALVIN M. MORROW.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM.

---

Before LOURIE, REYNA, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Rob Bryant, Brian Ferguson, and Andreas Hau (together, "Petitioners") seek review of the final orders of the Merit Systems Protection Board (the "Board"), dismissing their appeals for lack of jurisdiction. *See Bryant v. Dep't of Homeland Sec.*, No. SF-4324-16-0267-I-1, 2016 WL 5372080 (M.S.P.B. Sept. 22, 2016) ("*Bryant II*"); *Ferguson v. Dep't of Homeland Sec.*, No. SF-4324-16-0265-I-1, 2016 WL 5372124 (M.S.P.B. Sept. 22, 2016) ("*Ferguson II*"); *Hau v. Dep't of Homeland Sec.*, No. SF-4324-16-0268-I-1, 123 M.S.P.R. 620 (2016) ("*Hau II*"). For the reasons that follow, we *affirm*.

## BACKGROUND

Petitioners were employed as air interdiction agents by the Office of Air and Marine ("OAM" or the "Agency"), U.S. Customs and Border Protection, which is within the Department of Homeland Security ("DHS"). On March 7, 2013, while employed by the Agency, Petitioners appealed to the Board, alleging that the Agency's actions and policies violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335. *See Bryant v. Dep't of Homeland Sec.*, No. SF-4324-13-0298-I-1 (M.S.P.B. Mar. 7, 2013); *Ferguson v. Dep't of Homeland Sec.*, No. SF-4324-13-0299-I-1 (M.S.P.B. Mar. 7, 2013); *Hau v. Dep't of Homeland Sec.*, No. SF-4324-13-0300-I-1 (M.S.P.B. Mar. 7, 2013). It is undisputed that Bryant and Hau were members of the

U.S. Air Force Reserve and Ferguson was a member of the U.S. Navy Reserve at all relevant times.

On April 20, 2014, while his appeal was pending and before a hearing was held, Hau resigned from the Agency. Petitioners' appeals to the Board were thereafter consolidated, and a hearing was held on August 7, 2014. On August 15, 2014, Ferguson resigned from the Agency, and, also on that date, Petitioners filed a post-hearing brief arguing, *inter alia*, that they were "forced to quit the Agency" due to discriminatory and harassing work conditions and "constructively discharged due to the hostile work environment." J.A. 125. On September 20, 2014, Bryant resigned from the Agency.

On September 30, 2015, an administrative judge ("AJ") issued a consolidated initial decision, finding no violation of USERRA by the OAM, and accordingly denying corrective action. *Bryant v. Dep't of Homeland Sec.*, Nos. SF-4324-13-0298-I-1, -0299-I-1, -0300-I-1, Initial Decision, 2015 WL 5817682 (M.S.P.B. Sept. 30, 2015) ("*Bryant I*"); J.A. 29–41. The AJ rejected Petitioners' contention that the OAM violated USERRA by failing to grant them waivers from participating in training courses that conflicted with their military service dates, creating a hostile work environment, forcing them to surrender their badges and weapons during military leaves of 30 or more days, delaying within-grade pay increases, and requiring them to use annual, sick, or other leave in lieu of military leave. The AJ found, *inter alia*, that the OAM's policies and actions were pursuant to "its own training and mission requirements" or "a legitimate basis for the [Agency's] security policy," and there was an "utter absence of any evidence that its [weapons] policy was adopted with discriminatory intent." J.A. 33, 39.

The AJ also found that to the extent that Petitioners experienced incidents with others at the OAM that may appear to support Petitioners' hostile work environment

allegation, such incidents were either "'unavoidable' workplace friction and conflict arising from the competing demands of agency and reserve duties" or, although "improper and offensive," did not rise to the level of "humiliating," "physically threatening," or being "so frequent and pervasive" to render their work environment hostile. J.A. 34–38. Additionally, in a footnote the AJ stated that:

> although [Petitioners] did not advance a claim of involuntary discharge in their initial appeals, and did not seek to have it included as a claim in my August 1, 2014 prehearing order, despite being afforded an opportunity to make changes or additions to that order, all three [Petitioners] testified at hearing that they had involuntarily resigned from the agency, or were in process of doing so, due to hostile working conditions. To the extent [Petitioners] seek to pursue such claims as constructive removals under 5 U.S.C. § 75, they may do so by filing separate appeals with the Board.

J.A. 40 n.6 (citations omitted). On November 5, 2015, as no petition for review had been filed, the September 30, 2015 initial decision by the AJ in *Bryant I* became final.

On February 4, 2016, Petitioners filed a second, separate set of appeals to the Board alleging violation of USERRA by the Agency. In their appeals, Petitioners alleged that the Agency violated USERRA "by denying [Petitioners] benefits of employment by subjecting [Petitioners] to a hostile work environment, discrimination and harassment such that [Petitioners] [were] forced to quit [their] job[s] with [the Agency]" and requested that the Agency "provid[e] [Petitioners] all employment benefits denied . . . as a result of the unlawful acts and practices under USERRA," including "the hostile work environment, discrimination and harassment resulting in [Petitioners'] constructive discharge[s]." J.A. 56–57, 219–20, 353–54. The next day, a second AJ issued orders to

show cause whether their appeals were barred by res judicata or collateral estoppel in view of *Bryant I*.

On March 2, 2016, after timely responses filed by Petitioners and the Agency, the AJ issued an initial decision in Hau's appeal, dismissing his appeal, on the ground that his current USERRA claim was barred by res judicata. *Hau v. Dep't of Homeland Sec.*, No. SF-4324-16-0268-I-1, Initial Decision, 2016 WL 881026 (M.S.P.B. Mar. 2, 2016); J.A. 433–41. On the same day, the AJ issued orders to show cause in Bryant's and Ferguson's appeals inquiring into any additional incidents between August 7, 2014, the date of the hearing in *Bryant I*, and their respective dates of resignation. The AJ determined that Bryant's and Ferguson's current constructive discharge claims in violation of USERRA were identical to their hostile work environment claims in violation of USERRA in *Bryant I*, which were based on the factual matters that occurred up until August 7, 2014, the close of record date of *Bryant I*. The AJ therefore concluded that Bryant's and Ferguson's current constructive discharge claims up to August 7, 2014 were actually litigated and fully decided.

Bryant and Ferguson filed a consolidated response on March 14, 2016, stating that the Agency did not commit any relevant acts between August 7, 2014 and their respective resignation dates that would have caused them to resign from their positions, but they argued that their constructive discharge claims should not be barred regardless. The Agency responded that as Bryant and Ferguson unequivocally stated that there was no further action by the Agency after August 7, 2014, their second USERRA appeals should be barred.

On March 24, 2016, the AJ issued orders to show cause in Bryant's and Ferguson's appeals, indicating her intent to dismiss their appeals as precluded by their previous appeals and inquiring into any good cause not to dismiss them. After Bryant and Ferguson responded, the

AJ issued initial decisions on April 5, 2016, concluding that their constructive discharge claims were barred by collateral estoppel, and dismissing their appeals. *Bryant v. Dep't of Homeland Sec.*, No. SF-4324-16-0267-I-1, Initial Decision, 2016 WL 1396515 (M.S.P.B. Apr. 5, 2016); *Ferguson v. Dep't of Homeland Sec.*, No. SF-4324-16-0265-I-1, Initial Decision, 2016 WL 1396536 (M.S.P.B. Apr. 5, 2016); J.A 179–88, 323–32. The AJ noted that their constructive discharge claims were "inextricably linked" to their previous hostile work environment claims in *Bryant I* and thus barred by collateral estoppel. J.A. 184, 328. The AJ also noted that the standard for establishing constructive discharge is higher than that for hostile work environment, and Bryant and Ferguson in *Bryant I* failed to meet the even lower hostile work environment standard. Petitioners thereafter appealed the initial decisions to the full Board.

On September 19, 2016, the Board issued a final precedential order in Hau's appeal, vacating the March 2, 2016 initial decision that dismissed the appeal as barred by res judicata, and dismissing the appeal for lack of jurisdiction as barred by collateral estoppel instead. *Hau II*, 123 M.S.P.R. at 622. The Board first found that Hau's claims were collaterally estopped because in *Bryant I*, the AJ found jurisdiction to hear his USERRA claim, and the issue of hostile work environment was actually litigated and was necessary to the AJ's decision that there was not a hostile work environment in violation of USERRA. *Id.* at 626. Because the Board determined that the hostile work environment claim in *Bryant I* was the sole basis for Hau's current constructive discharge claim, the Board concluded that Hau's current claim was collaterally estopped. *Id.*

In reaching its decision, the Board overruled its own precedent that allowed an appellant to make a nonfrivolous allegation to establish the Board's jurisdiction even though the appellant is raising issues that are identical to

those in a prior unsuccessful appeal. *Id.* at 626–27 (overruling *Boechler v. Dep't of Interior*, 109 M.S.P.R. 619 (2008), *aff'd without opinion*, 328 F. App'x 660 (Fed. Cir. 2009); *Wadhwa v. Dep't of Veterans Affairs*, 111 M.S.P.R. 26 (2009), *aff'd without opinion*, 353 F. App'x 434 (Fed. Cir. 2009); *Parikh v. Dep't of Veterans Affairs*, 110 M.S.P.R. 295 (2008)). It decided that the Board lacked jurisdiction to hear Hau's current appeal raising the identical issues as in *Bryant I*. *Id.*

On September 22, 2016, the Board issued final orders in Bryant's and Ferguson's appeals, affirming the initial decisions that dismissed their appeals for lack of jurisdiction as barred by collateral estoppel. *Bryant II*, 2016 WL 5372080, ¶ 1; *Ferguson II*, 2016 WL 5372124, ¶ 1. Citing *Hau II*, the Board concluded that because Bryant and Ferguson specifically denied that there was any relevant action by the Agency after August 7, 2014 and there was no additional factual basis beyond what was decided in *Bryant I*, they cannot make a nonfrivolous allegation of a USERRA violation. *Bryant II*, 2016 WL 5372080, ¶¶ 12–13; *Ferguson II*, 2016 WL 5372124, ¶¶ 12–13. The Board thus concluded that it lacked jurisdiction over Bryant's and Ferguson's current USERRA appeals. *Bryant II*, 2016 WL 5372080, ¶ 13; *Ferguson II*, 2016 WL 5372124, ¶ 13.

Petitioners timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We only set aside the Board's decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*, *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir.

1995), and we review the Board's underlying factual findings for substantial evidence, *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1317 (Fed. Cir. 1998).

Under 38 U.S.C. § 4311(a), a member of a uniformed service "shall not be denied . . . retention in employment, promotion, or any benefit of employment . . . on the basis of that membership [or] performance of service . . . ." To establish the Board's jurisdiction under USERRA, the petitioner "must make a nonfrivolous allegation that his military service was a substantial or motivating factor in the agency's action in question." *Kitlinski v. Merit Sys. Prot. Bd.*, 857 F.3d 1374, 1381 (Fed. Cir. 2017) (citations and internal quotation marks omitted); *see also* 5 C.F.R. § 1201.57(b).

On appeal, Petitioners make several arguments challenging the Board's dismissal of their second USERRA appeals. First, Petitioners argue that they reasonably and detrimentally relied on the express instructions in the footnote in *Bryant I* in filing the second USERRA appeals and thus did not have a "full and fair chance to fully litigate the issue through appeal." Pet'rs' Br. 17. Second, Petitioners argue that the change-of-law exception to collateral estoppel should apply because in deciding *Hau II*, the Board overruled its own precedent that would have allowed them to make nonfrivolous allegations in the second appeals and be heard by the Board on the constructive discharge allegations even though they are based on identical facts as in *Bryant I*. Petitioners further argue that the rights under USERRA should be broadly construed, that collateral estoppel is an equitable doctrine for which fairness to Petitioners should be a consideration, and that Petitioners should be afforded an opportunity to be heard by the Board regardless of the ultimate outcome on the merits.

The Board responds that Petitioners are barred from relitigating their second USERRA appeals because all the

elements of collateral estoppel have been met and no exception applies. The Board contends that Petitioners neither sought review of the first AJ's decision despite the clear notice of the opportunity for review by the Board nor filed separate involuntary resignation claims under 5 U.S.C. ch. 75 as instructed in the AJ's footnote. The Board also argues that the change-of-law exception to collateral estoppel does not apply because the substantive USERRA law did not change, the decision in *Bryant I* did not apply the Board's old law on its jurisdiction, and the change in law does not compel a different result since even if Petitioners were allowed to proceed, they would have had a hearing in which they would have been precluded from presenting any evidence of the predicate hostile work environment issue.

The DHS, as an intervenor, makes additional arguments in support of finding preclusion and lack of jurisdiction. In particular, the DHS contends that a nonfrivolous allegation of a USERRA violation cannot be made when Petitioners cannot prevail on the collaterally estopped issue as a matter of law, and that the Board's rationale in overruling its precedent was reasonable and well explained, which took account of "'serious reliance interests,'" if any, by Petitioners. Intv'r's Br. 24 (quoting *Huvis Corp. v. United States*, 570 F.3d 1347, 1354–55 (Fed. Cir. 2009) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009))). Additionally, the DHS argues that Petitioners' current USERRA appeals are barred by claim preclusion, or res judicata, because their resignations were based on the same transactional facts, and Petitioners could have sought to make their resignations be formally part of *Bryant I* as noted by the first AJ, but did not.

We agree with the government that Petitioners' current USERRA appeals are precluded and that the Board properly determined that it lacked jurisdiction to hear Petitioners' precluded issues. First, there is an undisput-

ed identity of the parties, issues, and forum, and Petitioners do not challenge the Board's application of collateral estoppel based on the repetitive and overlapping nature of their two sets of successive USERRA appeals. Second, Petitioners do not argue that the Board's new precedent on its jurisdiction in *Hau II* was incorrect as a matter of law. Rather, Petitioners urge that they should not be barred from pursuing their second USERRA appeals for other reasons we discuss below.

Petitioners argue that they reasonably relied on the footnote in *Bryant I* to their detriment, and thus should be allowed to fully litigate the constructive discharge claims in their current USERRA appeals. However, their detrimental reliance argument fails, first and foremost, because they simply did not follow the course of action described in the footnote, which referred to a different cause of action, namely, "constructive removals under 5 U.S.C. [ch.] 75."[1] J.A. 40 n.6.

Moreover, even if the appropriate course of action in view of the footnote was to file separate USERRA appeals claiming constructive discharge, the first AJ did not direct or order Petitioners to *abandon* review of *Bryant I*. Contrary to Petitioners' assertion, the footnote did not "induce[]" Petitioner to pursue a separate USERRA action, Reply Br. 4, at the expense of forgoing review of *Bryant I*. Petitioners' apparent assumption that they could proceed anew with a second set of identical USERRA appeals was neither reasonable in view of, nor in actual reliance on, the footnote, *cf. Container Transp. Int'l, Inc. v. United States*, 468 F.2d 926, 930 (Ct. Cl. 1972) (declining to apply res judicata when a plaintiff split the claim into multiple

---

[1]    Although Petitioners fault the footnote for incorrectly referencing "5 U.S.C. § 75," which should have been 5 U.S.C. ch. 75, they do not argue that this inaccuracy was in and of itself of any significance. *See* Reply Br. 5.

suits in reliance on a court precedent and deciding to overrule its precedent prospectively).

Furthermore, the change-of-law exception to collateral estoppel is not applicable here. Petitioners primarily rely on *Dow Chemical Co. v. Nova Chemicals Corp. (Canada),* 803 F.3d 620, 629 (Fed. Cir. 2015), for the proposition that the change-of-law exception to collateral estoppel should apply to their current appeals. In *Dow,* we noted that the change-of-law exception to collateral estoppel is applicable when (1) the governing law is changed; (2) the prior decision applied the old law; and (3) the change in law compels a different result in the current case. 803 F.3d at 629–30.

*Dow* does not support the outcome sought by Petitioners. As noted by the Board and the DHS, the substantive USERRA law did not change. Even if we look to the change in the Board's precedent on its jurisdiction, the Board applied the new law to their current USERRA appeals, and Petitioners are seeking to apply the old law instead. Moreover, the change in law did not make a difference to Petitioners because under the Board's precedent either before or after the change, Petitioners would have been ultimately precluded from relitigating the identical issue.

This case does not present a situation in which pursuing a certain course of action was unavailable or otherwise futile under the then-controlling precedent. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 350 (1971). Although the Board overruled its own precedent and changed its law on jurisdiction in *Hau II*, which may have been unexpected, that change does not justify Petitioners' abandoning their claims in *Bryant I.* Seeking review of the first AJ's decision was available under the then-existing Board's precedent. Petitioners did not abandon review of their USERRA appeals in *Bryant I* out of any futility of such pursuit under the old

law, but out of their apparent belief that their best course of action was to file separate USERRA appeals including the constructive discharge claims. Simply put, the change-of-law exception does not save Petitioners from their deliberate choice of action.

Similarly, Petitioners' appeal to general equity considerations also fails. Although we have noted that the USERRA statutes are "interpreted broadly in favor of individuals returning from military service," *Crowford v. Dep't of Army*, 718 F.3d 1361, 1367 (Fed. Cir. 2013), such interpretive canon favoring military members is not relevant here. First, determining the Board's jurisdiction in the instant case does not involve any statutory interpretation. What Petitioners are actually arguing is that they should be given a chance to bring their second USERRA appeals to the full Board, in view of the apparent leniency afforded to military members under the overall USERRA scheme, in further view of the first AJ's footnote in *Bryant I* and the change of the Board's precedent regarding the effect of collateral estoppel on its jurisdiction. However, as conceded during oral argument, Petitioners do not contend that the Board's decision in *Hau II* overruling its precedent to address preclusion at the jurisdictional stage was incorrect. *See* Oral Argument at 3:22–35, *Bryant v. Merit Sys. Prot. Bd.*, Nos. 2017-1241, -1243, -1245 (Fed. Cir. Nov. 9, 2017), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2017-1241.mp3. Rather, Petitioners are urging us to find an exception to the Board's admittedly correct law on jurisdiction and collateral estoppel due to the peculiar circumstances of their appeals. We decline to do so.

In general, courts do not liberally invoke exceptions to collateral estoppel based on the particular circumstances of a case. *See* 18 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4426 (3d ed. 2017). Furthermore, the Board's precedential decision concerning its jurisdiction in *Hau II*, albeit a departure from its own precedent, does

not constitute the kind of unforeseeable event or compel a finding of lack of "incentive" to litigate that courts have found may warrant applying an exception to collateral estoppel. *Id.* §§ 4423, 4424. If anything, Petitioners' filing of the second, identical USERRA appeals, with a bare recitation of "constructive discharge" entirely predicated on the previously heard and decided hostile work environment issue, demonstrates that they acted deliberately and were not unsuspecting parties unjustly precluded from being heard. In view of the admittedly identical nature of Petitioners' successive appeals and their voluntary abandonment of their first appeals, we do not find that an exception should apply here.

We conclude that Petitioners' second USERRA appeals are barred by collateral estoppel and agree with the Board that an appellant cannot make a nonfrivolous allegation of a USERRA violation if its contentions are wholly precluded. Indeed, this case illustrates the flaw in the Board's now-overruled precedent. As noted by the Board, even if Petitioners had been granted a hearing in the second, identical USERRA appeals, because they did not make any additional allegations beyond those in *Bryant I*, Petitioners would not have been able to present any content at the hearing. *See Hau II*, 123 M.S.P.R. at 627 n.*. Such a hearing would have been a waste of resources, contrary to the policies underlying the doctrine of collateral estoppel. *See Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Morgan v. Dep't of Energy*, 424 F.3d 1271, 1275 (Fed. Cir. 2005) (finding the issue precluded when there was "no new conduct with respect to his claim for relief").

We therefore conclude that the Board correctly dismissed Petitioners' appeals for lack of jurisdiction because Petitioners' constructive discharge claims under USERRA are precluded by collateral estoppel. We have considered the remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decisions of the Board are affirmed.

**AFFIRMED**

COSTS

No costs.