**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FERGUSON, BRYANT, AND HAU,<br>　　　　　Appellants, | DOCKET NUMBER<br>SF-4324-17-0411-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: March 24, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brian J. Lawler</u>, Esquire, San Diego, California, for the appellants.

<u>Matthew J. Dowd</u>, Esquire, Washington, D.C., for the appellants.

<u>Allan Robert Thorson</u>, Esquire, Chula Vista, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

The appellants have filed petitions for review of the initial decision, which denied their requests for corrective action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) and motions to reopen their appeals. For the reasons set forth below, the appellants' petitions for review are DISMISSED as untimely filed without good cause shown, and the motions to reopen their appeals are DENIED. 5 C.F.R. §§ 1201.114(e), (g), 1201.118.

## BACKGROUND

The appellants, formerly employed as Air Interdiction Agents by the agency's Office of Air and Marine, Customs and Border Protection, filed Board appeals alleging that the agency subjected them to discrimination and harassment on the basis of their military service in violation of USERRA. *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0298-I-1 (*Bryant I*), Initial Appeal File (0298 IAF), Tab 1; *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0299-I-1, Initial Appeal File, Tab 1; *Hau v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0300-I-1, Initial Appeal File, Tab 1. The administrative judge consolidated the appeals and, following a hearing, issued a September 30, 2015 initial decision denying the appellants' requests for corrective action. 0298 IAF, Tab 18, Tab 31, Initial Decision (0298 ID).[3] The administrative judge found that the appellants did not show that the agency violated USERRA by failing to grant them waivers from participating in training classes, resulting in the suspension of their designation to perform law enforcement duties; subjecting them to a hostile work

---

[3] The administrative judge adopted *Bryant I* as the lead case below; accordingly, all citations to the initial appeal file are to *Bryant I*. 0298 ID at 1-2. *Bryant I* contains all filings and issuances in this matter before the administrative judge, whereas the secondary case records may contain slight differences in content and numbering from *Bryant I*.

environment; forcing them to surrender their badges and weapons during active military service of 30 days or more; delaying within-grade pay increases; or requiring them to use annual, sick, or other leave in lieu of military leave. 0298 ID at 2-12.  In a footnote, in the initial decision, the administrative judge noted that although the appellants did not advance a claim of involuntary discharge in their initial appeals and did not request that it be included as a claim in the prehearing order, each appellant testified at hearing that he had involuntarily resigned from the agency, or was in the process of doing so, due to hostile working conditions.  0298 ID at 12 n.6.  The administrative judge further stated, "To the extent the appellants seek to pursue such claims as constructive removals under 5 U.S.C. § [sic] 75, they may do so by filing separate appeals with the Board."  *Id.*  The initial decision became final on November 4, 2015, when neither the appellants nor the agency filed a petition for review.  0298 ID at 13.

¶3    On February 4, 2016, the appellants filed a second set of Board appeals alleging that the agency subjected them to a hostile work environment such that they were constructively discharged, in violation of USERRA.  *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0267-I-1, Initial Appeal File (0267 IAF), Tab 1; *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0265-I-1, Initial Appeal File (0265 IAF), Tab 1; *Hau v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0268-I-1 (*Hau II*), Initial Appeal File (0268 IAF), Tab 1.  On March 2, 2016, the administrative judge assigned to the second set of appeals dismissed Mr. Hau's second appeal as barred by res judicata, 0268 IAF, Tab 10, Initial Decision (0268 ID), and on April 5, 2016, she dismissed Mr. Bryant's and Mr. Ferguson's second appeals as barred by collateral estoppel, 0267 IAF, Tab 15, Initial Decision (0267 ID); 0265 IAF, Tab 15, Initial Decision.  Each appellant timely petitioned the Board for review of the dismissal of his second appeal.  *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0267-I-1,

Petition for Review File, Tab 1; *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0265-I-1, Petition for Review File, Tab 1; *Hau v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0268-I-1, Petition for Review File, Tab 1.

¶4      In a September 19, 2016 Opinion and Order, the Board vacated the initial decision that dismissed Mr. Hau's appeal as barred by res judicata and instead dismissed the appeal for lack of jurisdiction as barred by collateral estoppel. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). In reaching its decision, the Board overruled precedent permitting an appellant who did not prevail on the merits in an earlier decision to raise identical issues in a subsequent appeal and make a nonfrivolous allegation establishing jurisdiction. *Id.*, ¶ 15.  On September 22, 2016, the Board issued nonprecedential final orders affirming the initial decisions that dismissed Mr. Bryant's and Mr. Ferguson's second appeals as barred by collateral estoppel and clarifying that the Board lacked jurisdiction over the appeals.  *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0267-I-1, Final Order (0267 FO) (Sept. 22, 2016); *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0265-I-1, Final Order (0265 FO) (Sept. 22, 2016).  The appellants appealed the decisions, and in a precedential decision dated December 29, 2017, a panel of the U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision in each appellant's case.  *Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

¶5      On May 3, 2017, the appellants filed petitions for review of the initial decision in *Bryant I* and motions to reopen their first set of appeals.  *Ferguson, Bryant, and Hau v. Department of Homeland Security*, MSPB Docket No.

SF-4324-17-0411-I-1, Consolidation Petition for Review (CPFR) File, Tab 1.[4] The Clerk of the Board informed the appellants that their petitions for review were untimely because they were not filed on or before November 4, 2015, and that the Board's regulations require an untimely filed petition to be accompanied by a motion to accept the petition as timely filed and/or to waive the filing time limit for good cause and an affidavit or sworn statement setting forth good cause for the delay in filing. CPFR File, Tab 2. The appellants filed a motion to waive the deadline for filing the petitions for good cause and referred to their motions to reopen the appeals as setting forth the reasons for the late filing. CPFR File, Tab 4. The agency has opposed the petitions for review and motions to reopen, as well as the motion to waive the deadline for filing the petitions. CPFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellants have not shown good cause to waive the deadline for filing a petition for review.</u>

¶6     The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009). Therefore, we will initially treat the appellants' submissions as an untimely filed petition for review.

¶7     A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R.

---

[4] Upon receipt of the petitions for review, which were electronically filed separately under each appellant's docket number but are identical in content, the Clerk of the Board assigned a consolidation lead docket number and placed one petition for review in the consolidation petition for review file. CPFR File, Tab 1. All other filings on petition for review are also located in the consolidation petition for review file.

§§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Shannon*, 110 M.S.P.R. 365, ¶ 6. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶8        The appellants filed the petitions for review and motions to reopen on May 3, 2017, nineteen months after the September 30, 2015 initial decision was issued in this matter.  0298 ID.  The appellants have not alleged that they received the initial decision more than 5 days after the date of its issuance. Rather, the appellants argue that extraordinary circumstances warrant review of the initial decision; namely that:  (1) they detrimentally relied upon the administrative judge's failure to rule on their constructive discharge claims and instruction to refile those claims in a separate action; and (2) the Board's decision in *Hau II* changed the Board's law in its application of issue preclusion to the appellants' second set of USERRA appeals.  CPFR, Tab 1 at 7-10.

¶9        Regardless of whether these circumstances show good cause for the untimely filed petitions, the appellants have failed to show that they exercised due diligence in petitioning the Board for review.  The Board's decisions dismissing the appellants' second set of appeals for lack of jurisdiction, which rejected their argument that collateral estoppel should not bar their involuntary resignation claims, were issued on September 19 and 22, 2016.  *Hau*, 123 M.S.P.R. 620, ¶¶ 7, 13, 16; 0267 FO, ¶¶ 7, 12-13; 0265 FO, ¶¶ 7, 12-13.  The appellants, who have been represented by counsel throughout both sets of appeals, offer no explanation for the 7-month delay in filing the petitions for

review following the issuance of the dismissals on petition for review of their second appeals.[5] A delay of 7 months is significant. *See, e.g.*, *Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (stating that a filing delay of 33 days is significant); *Greenberg v. Department of Justice*, 91 M.S.P.R. 42, ¶ 6 (2002) (stating that a filing delay of over 6 months is significant). The appellants' failure to exercise due diligence does not warrant waiving the filing deadline. *See Triplett v. Office of Personnel Management*, 105 M.S.P.R. 575, ¶ 7 (finding that the appellant failed to exercise due diligence when she waited over 6 months to seek review after learning of the initial decision), *aff'd*, 250 F. App'x 322 (Fed. Cir. 2007).

¶10        Moreover, the appellants have not presented circumstances beyond their control that prevented them from promptly requesting review of the initial decision. The administrative judge's notification to the appellants that they could file separate appeals regarding their involuntary resignation claims did not direct the appellants to abandon their appeal rights with respect to the instant matter, and the initial decision informed them that the decision would become final on November 4, 2015, unless a party filed a petition for review, and provided instructions to file a petition for review. 0298 ID at 12 n.6, 13-14; *see also Bryant*, 878 F.3d at 1327 (finding that the administrative judge in *Bryant I* did not direct or order the appellants to abandon Board review). The appellants' failure to request review of the instant initial decision while pursuing a second appeal does not constitute good cause to waive the time limit. *See Bryant*, 878 F.3d at 1327 (explaining that the appellants' assumption that they could proceed anew with a second set of identical USERRA appeals was not reasonable); *cf. Shannon*,

---

[5] Arguably, the appellants knew or should have known of the alleged fallacies of the administrative judge's rulings in *Bryant I* and the possibility that their involuntary resignations claims were barred by collateral estoppel upon receipt of the initial decisions in the second set of appeals rejecting the appellants' arguments in support of advancing the appeals, issued nearly 13 months before the appellants filed the instant petitions for review. *See, e.g.*, 0267 ID, 0268 ID.

110 M.S.P.R. 365, ¶ 8 (stating that the withdrawal of an appeal to pursue the claims in another forum does not establish good cause for an untimely filed petition for review).

¶11     Similarly, the appellants have presented no evidence that the Board's decision in *Hau II* prevented the appellants from filing a petition for review of the earlier initial decision in *Bryant I*. CPFR File, Tab 1 at 8-9; *see also Bryant*, 878 F.3d at 1327 (observing that seeking review of the initial decision in *Bryant I* was available to the appellants under the Board's past precedent regarding collateral estoppel). Thus, we find that the appellants have not shown good cause for untimely filing their petitions for review. *See Jackson v. Department of Defense*, 107 M.S.P.R. 317, ¶¶ 14-20 (2007) (dismissing the appellant's petition for review as untimely filed because, despite learning of misinformation from the administrative judge, she failed to timely challenge the dismissal of her initial appeal or show good cause for the untimely filing), *aff'd*, 287 F. App'x 856 (Fed. Cir. 2008).

The appellants have not shown that unusual or extraordinary circumstances exist that warrant reopening their appeals.

¶12     Further, we find no basis to reopen the appeals pursuant to 5 C.F.R. § 1201.118. In deciding whether to reopen a closed appeal, the Board will balance the desirability of finality against the public interest in reaching the correct result. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 17 (2016). Thus, the Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances, such as an intervening event that directly bears on the result or the discovery of misrepresentation or fraud after the issuance of the initial decision, and generally within a short period of time after the decision becomes final. *Id.*; 5 C.F.R. § 1201.118. Such a short period of time is usually measured in weeks, not years. *Jennings*, 123 M.S.P.R. 577, ¶ 17.

¶13     Here, the initial decision became final on November 4, 2015, thus the appellants' requests to reopen were filed far beyond the short period of time

during which the Board will consider reopening an appeal. 0298 ID at 13; *see Special Counsel v. Greiner*, 119 M.S.P.R. 492, 496 (2013) (stating that, even though the appellant requested reopening 2 months after the effective date of a new law applicable to his case, the 15-month time period that elapsed between the Board's decision and the date of his reconsideration request was longer than the Board generally accepts). In addition, the circumstances the appellants cite do not constitute unusual or extraordinary circumstances that warrant reopening the appeals. For the reasons set forth above, the appellants' failure to pursue a petition for review in this matter based on their pursuit of a second appeal does not constitute the type of intervening event or fraud that would warrant reopening the appeals.

¶14        Additionally, the Board's change in its precedent regarding collateral estoppel does not warrant reopening the appeals. Reopening an appeal may be appropriate when there is a clear and material legal error generally confined to a conflict between the holding of the decision and a controlling precedent or statute, either because of an oversight or a change in the controlling law between the date of the original decision and any reopening request. *Jennings*, 123 M.S.P.R. 577, ¶ 19. Here, although in *Hau II* the Board changed its application of collateral estoppel, the change in its law was not one that would have changed the outcome of the instant matter. *See Bryant*, 878 F.3d at 1327 (explaining that the appellants would have been precluded from relitigating identical issues under the Board's precedent before or after the change in law, in concluding that the change-of-law exception to collateral estoppel was not applicable to the appellants' appeals). In addition, the appellants do not set forth arguments showing that the administrative judge's findings regarding their claims of discrimination and harassment were clearly erroneous. CPFR File, Tab 1 at 10-20. Accordingly, we find that the appellants have not established grounds to reopen their appeals.

¶15 Therefore, we dismiss the petitions for review as untimely filed, and we deny the appellants' requests to reopen their appeals. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petitions for review. The initial decision remains the final decision of the Board regarding the appellants' first set of USERRA appeals.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.