UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

VINH PHAN,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DE-4324-17-0344-I-1

DATE: June 8, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vinh Phan, Shawnee, Kansas, pro se.

Duane Bruce, and Randy Butler, Kansas City, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which applied collateral estoppel and dismissed the instant Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) appeal for lack of jurisdiction. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In an earlier individual right of action (IRA) appeal, the appellant challenged his nonselection for promotion to a Chemist Technology Based Expert position (FDA-ORA-16-MP-1608876-SC) on the basis of alleged whistleblower reprisal. *Phan v. Department of Health and Human Services*, MSPB Docket No. DE-1221-17-0285-W-1, Initial Appeal File (0285 IAF), Tab 1. Ultimately, the administrative judge dismissed that IRA appeal for lack of jurisdiction, and the decision became final after neither party filed a petition for review. 0285 IAF, Tab 19, Initial Decision (0285 ID).

¶3 Because the appellant's IRA appeal appeared to include a claim of discrimination based on uniformed service, the administrative judge separately docketed a USERRA appeal. *Phan v. Department of Health and Human Services*, MSPB Docket No. DE-4324-17-0286-I-1, Initial Appeal File (0286 IAF), Tab 1. The administrative judge issued an order that explained the corresponding jurisdictional burden. 0286 IAF, Tab 3. The appellant responded to the order by alleging, *inter alia*, that the agency discriminated against him based on his

military service when it failed to select him for promotions. 0286 IAF, Tab 4 at 4. The specific promotions the appellant identified were the aforementioned Chemist Technology Based Expert position (FDA-ORA-16-MP-1608876-SC), *id.* at 8-9, in addition to a Chemist Residue Testing Expert position (HHS-FDA-ORA-MP-12-632167), *id.* at 15, a Regulatory Program Expert position (HHS-FDA-2008-0156), *id.* at 20, and a Supervisory Interdisciplinary Scientist position (FDA-ORA-16-MP-1596046-SC), *id.* at 22. The administrative judge issued a decision that dismissed the USERRA appeal for lack of jurisdiction, and the decision became final after neither party filed a petition for review. 0286 IAF, Tab 13, Initial Decision (0286 ID).

¶4      While his first two appeals were pending, the appellant filed a third appeal, in which he again appeared to challenge his nonselections. *Phan v. Department of Health and Human Services*, MSPB Docket No. DE-3443-17-0300-I-1, Initial Appeal File (0300 IAF), Tab 1. In that appeal, he attempted to raise allegations of prohibited personnel practices other than whistleblower reprisal and uniformed service discrimination. *Id.* The administrative judge dismissed the appeal for lack of jurisdiction, and the initial decision became final after neither party filed a petition for review. 0300 IAF, Tab 7, Initial Decision (0300 ID).

¶5      The appellant separately filed this, his fourth appeal, challenging his nonselection for promotion to the Chemist Technology Based Expert position (FDA-ORA-16-MP-1608876-SC) from his earlier appeals and alleging discrimination in violation of USERRA. *Phan v. Department of Health and Human Services*, MSPB Docket No. DE-4324-17-0344-I-1, Initial Appeal File (0344 IAF), Tab 1 at 4-5.[2] The administrative judge ordered the parties to present

---

[2] In a subsequent pleading, the appellant cited his nonselection for other vacancies as circumstantial evidence of the agency discriminating against him based on his uniformed service. Two of those vacancies were the same as those presented in his earlier USERRA appeal, but one vacancy was not previously raised—a Research Chemist position (PH-SW-279957-MP). 0344 IAF, Tab 6 at 7, 22. Nevertheless, the

argument concerning the applicability of collateral estoppel. 0344 IAF, Tab 4. After both parties responded, the administrative judge dismissed the appeal. 0344 IAF, Tab 11, Initial Decision (0344 ID). He found that collateral estoppel did apply, requiring that the instant appeal be dismissed for lack of jurisdiction. 0344 ID at 3-8. The appellant has filed a petition for review. *Phan v. Department of Health and Human Services*, MSPB Docket No. DE-4324-17-0344-I-1, Petition for Review (0344 PFR) File, Tab 1. The agency has filed a response and the appellant has replied.[3] 0344 PFR File, Tabs 3-4.

¶6 Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). The Board has held that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis for Board jurisdiction. *Id.*

¶7 On review, the appellant concedes that he failed to establish jurisdiction over his prior USERRA appeal but attributes this to numerous factors, including

appellant did not include a particularized argument about that additional vacancy. He merely included it as an example of how he repeatedly has applied for promotions without ever being selected.

[3] The appellant also filed a motion, requesting permission to submit additional argument and evidence. 0344 PFR File, Tab 6. That motion is denied. *See* 5 C.F.R. § 1201.114(a) (explaining the limited pleadings allowed on review).

his lack of legal knowledge, a language barrier, and mental distress.[4] 0344 PFR File, Tab 1 at 4. Therefore, the appellant suggests that he should be allowed to proceed in this second USERRA appeal. *Id.* We disagree. While the appellant generally has alleged that he was disadvantaged in the prior appeal, he has not identified any persuasive basis for us to refrain from applying collateral estoppel here. *Cf. Milligan v. U.S. Postal Service*, 106 M.S.P.R. 414, ¶ 9 (2007) (recognizing some limited circumstances when it may be appropriate for the Board to not apply collateral estoppel to avoid injustice or the compromise of public policy). The application of collateral estoppel remains appropriate. *See generally Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (explaining that collateral estoppel is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication" (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

¶8      The appellant next argues that the issues raised in the instant appeal are not the same as those raised in his earlier USERRA appeal because that earlier appeal actually involved allegations concerning veterans' preference. 0344 PFR File, Tab 1 at 4-5. In other words, he seems to suggest that the instant USERRA appeal is not precluded by his earlier USERRA appeal because he intended the earlier appeal to solely involve the Veterans Employment Opportunities Act of 1998 (VEOA). Again, we are not persuaded. In the earlier USERRA appeal concerning his nonselections, the appellant did present allegations concerning veterans' preference, but he also specifically indicated that he "would like to file

_____

[4] The appellant's petition for review contains a medical record showing that he underwent a mental health evaluation in August 2017, just after the administrative judge issued the initial decision in the instant appeal. 0344 PFR File, Tab 1 at 9-15. Even if we were to consider this new evidence, submitted for the first time on review, its relevance to the instant appeal is neither explained nor apparent. It does not establish, for example, that the appellant was unable to pursue his appeals before the Board.

a complaint of discrimination under USERRA." 0286 IAF, Tab 4 at 4. He went on to allege that the agency "knowingly discriminates . . . on the basi[s] of military service." *Id*. Accordingly, it was appropriate for the administrative judge to construe that earlier appeal as a USERRA appeal and provide the appellant the opportunity to meet his corresponding burden. The appellant's failure to meet that burden precludes him from trying to do so again in this subsequent appeal.

¶9    The appellant's final argument on review is that he has new evidence that was unavailable to him before the close of record in his earlier USERRA appeal. 0344 PFR File, Tab 1 at 5-6. Like the other arguments, this one does not warrant a different result. It appears that the appellant has simply continued to gather information concerning his nonselections, notwithstanding the administrative judge's application of collateral estoppel and dismissal of the instant USERRA appeal for lack of jurisdiction. For example, the appellant submitted a letter, dated after the initial decision, which shows that he filed a Freedom of Information Act (FOIA) request with the agency, asking whether certain individuals had a history of military service. *Id*. at 7-8. He also submitted the agency's response, altogether denying the FOIA request. 0344 PFR File, Tab 4 at 9-10. Despite the appellant's general assertion that he has new evidence, he has not shown that the information contained is new and material, or even related to the dispositive issue of collateral estoppel. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 9 (2016) (recognizing that the Board may grant a petition for review based on the availability of new and material evidence, but to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that evidence is material if it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶10    In sum, the appellant has failed to present any basis for us to disturb the administrative judge's application of collateral estoppel in this, the appellant's second, USERRA appeal concerning his nonselection for promotion.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.