NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ASHLEY B. NEESE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2023-1408

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-23-0014-I-1.

_____

Decided:  July 20, 2023

_____

ROSANNA LOPEZ, Lopez & Wu, PLLC, Reston, VA, for petitioner.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

NEESE v. MSPB

————————————

Before CHEN, STOLL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Ashley B. Neese appeals the decision of the Merit Systems Protection Board (Board) which dismissed her appeal as untimely.  Because we agree that collateral estoppel bars Ms. Neese from relitigating the untimeliness of the previous appeal she filed with the Board, we *affirm*.

BACKGROUND

Ms. Neese is a former Assistant U.S. Attorney (AUSA) who was removed from her position in May 2018 in response to allegations that she acted inappropriately during an investigation.  She initially attempted to appeal her removal by filing a civil complaint in the Western District of Virginia that alleged illegal termination and requested reinstatement to her previous position.  In August 2020, the district court dismissed the complaint, finding that jurisdiction was exclusive to the Board.

Several months later, in May 2021, Ms. Neese appealed her removal to the Board.  The Board dismissed the case as untimely.  *Neese v. Dep't of Justice*, No. DC-0752-21-0420-I-1, 2021 WL 2414242 (M.S.P.B. June 8, 2021) (*Neese I*).  Although Ms. Neese argued that her failure to file within 30 days of the action being appealed should be excused due to the agency's alleged failure to give her notice of her appeal rights, the Board rejected this argument because the district court's August 2020 dismissal informed Ms. Neese of her appeal rights.  *Id.*  Even considering the date of the district court's decision as the date Ms. Neese received her notice of appeal, Ms. Neese did not file her appeal to the Board until May 2021—8 months after this notice was provided.  *Id.*  We affirmed the Board's dismissal.  *Neese v. Merit Sys. Prot. Bd.*, 2022 WL 1400294, No. 2021-2321, at *2 (Fed. Cir. May 4, 2022).

Ms. Neese filed another appeal with the Board in October 2022, again alleging that her resignation as an AUSA was involuntary. Appx. 32. The Board determined the doctrine of collateral estoppel precluded Ms. Neese from relitigating the issue of timeliness and again dismissed her case. *Neese v. Dep't of Justice*, No. DC-0752-23-0014-I-1, 2022 WL 16902097 (M.S.P.B. Nov. 7, 2022) (*Neese II*). The Board disagreed with Ms. Neese's argument that the issues raised in the first and second appeals were distinct because the first appeal focused solely on timeliness while her second appeal focused on the merits of the termination. *Id.* The Board determined that timeliness was a threshold issue it was required to address in this second appeal, that the issue was actually litigated and was the sole basis for the dismissal of *Neese I*, and that Ms. Neese had full opportunity to litigate the issue during the prior litigation. *Id.*

Ms. Neese timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We only set aside the Board's decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). The Board may apply collateral estoppel where: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary for the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005). The Board's application of collateral estoppel is a question of law reviewed without deference. *Id.* at 1274.

We see no error in the Board's decision determining that Ms. Neese is barred from relitigating the issue of timeliness. Here, the issue previously adjudicated—timeliness—is identical to the issue now presented. Ms. Neese argues the issue in *Neese II* is not timeliness, but whether she received proper notice of her appeal rights from the agency, and that this issue was not addressed before. Appellant's Br. 9–10. But this argument is simply an attempt to relitigate the ultimate issue of timeliness. *See id.* ("A discussion and/or analysis of this issue was necessary to determine when the appeal filing deadline clock started *and whether Ms. Neese was timely in filing her appeal*" (emphasis added)). *Neese I* and *Neese II* arise out of the same events, involving the same agency action removing Ms. Neese from her position as an AUSA. Thus, for both *Neese I* and *Neese II*, the Board had to consider the antecedent question of whether the appeal was timely filed with respect to the agency action. *See* 5 C.F.R. § 1201.22(b). Ms. Neese does not dispute that timeliness was actually litigated in *Neese I*, that adjudicating timeliness was necessary for the Board's dismissal decision in *Neese I*, or that she was fully represented in the prior action. Thus, the Board did not err in its application of collateral estoppel and Ms. Neese cannot now relitigate this issue.

Ms. Neese also argues that the Board erred because it did not address whether any exceptions to collateral estoppel apply. Appellant's Br. 10–14. Ms. Neese, however, failed to raise this issue to the Board, so we decline to address the argument on appeal. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court.").

## CONCLUSION

We have considered Ms. Neese's remaining arguments and find them unpersuasive. For the reasons above, we

affirm the Board's dismissal of Ms. Neese's appeal as untimely.

## **AFFIRMED**

### COSTS

No costs.