**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELESHIA HEGGINS,
    Appellant,

  v.

DEPARTMENT OF HOUSING AND
 URBAN DEVELOPMENT,
    Agency.

DOCKET NUMBER
DA-0752-16-0072-C-3

DATE: May 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mark Matulef</u>, Esquire, Washington, D.C., for the appellant.

<u>Marcus R. Patton</u>, Esquire, and <u>Taylor L. Baronich</u>, Esquire, Fort Worth,
 Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement of a settlement agreement. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In November 2015, the appellant filed a Board appeal challenging her November 12, 2015 removal from the position of Program Analyst in the agency's Fort Worth Asset Management Division, Southwest Multifamily Regional Center. *Heggins v. Department of Housing and Urban Development*, MSPB Docket No. DA-0752-16-0072-I-1, Initial Appeal File (IAF), Tab 1. On January 14, 2016, the parties executed a settlement agreement resolving the appeal, and the administrative judge incorporated the agreement into the record and dismissed the appeal. IAF, Tabs 22-23. The agreement provided, in relevant part, that the appellant agreed to withdraw her appeal and any other complaints, grievances, or claims she had filed; and to waive the right to file any other complaint, claim, lawsuit, grievance, or appeal against the agency regarding any matter that was or could have been raised through the date of execution of the agreement, except as necessary to seek enforcement of the agreement. IAF, Tab 22 at 5. In exchange, the agency agreed to mitigate the appellant's removal to a 74-day suspension, to rescind a July 30, 2015 reprimand and remove all references to it from the appellant's official personnel file, and to reassign the appellant. *Id*. at 5-6.

In September 2017, the appellant filed a petition for enforcement of the settlement agreement. *Heggins v. Department of Housing and Urban Development*, MSPB Docket No. DA-0752-16-0072-C-1, Compliance File (CF), Tab 1. The administrative judge dismissed the petition for enforcement as moot, finding that: (1) although the agency had issued a September 25, 2017 proposal to suspend the appellant for 14 days that referenced the July 30, 2015 reprimand, it had issued an amended proposal that did not reference the reprimand, and the appellant had received all of the relief to which she was entitled regarding this

issue; (2) the agreement did not require the agency to change its timekeeping records, reflecting that the appellant was absent without official leave (AWOL), on which the July 30, 2015 reprimand was based; and (3) the appellant's other claims regarding the proposed 14-day suspension and retaliation were outside the scope of the agreement. CF, Tab 15, Compliance Initial Decision (CID) at 3-6. The compliance initial decision became final on December 4, 2017, when neither the appellant nor the agency filed a petition for review. CID at 6.

In February 2018, the appellant filed a second petition for enforcement of the settlement agreement. *Heggins v. Department of Housing and Urban Development*, MSPB Docket No. DA-0752-16-0072-C-2, Compliance File (C-2 CF), Tab 1. The administrative judge denied the petition for enforcement, finding that: (1) the agreement did not require the agency to change the appellant's pay status for 6 hours of AWOL incurred in July 2015, on which the July 30, 2015 reprimand was based, or for 3 hours of AWOL incurred on November 12, 2015; and (2) the agency's placement of the appellant in a non-pay status for 8 hours on November 13, 2015, the first day of the 74-day suspension set forth in the agreement, complied with the agreement. C-2 CF, Tab 9, Compliance Initial Decision (C-2 CID) at 3-4. The compliance initial decision became final on May 11, 2018, when neither party filed a petition for review. C-2 CID at 4.

In July 2018, the appellant filed a third petition for enforcement of the settlement agreement, alleging that the agency had subjected her to harassment and retaliation for filing her prior Board appeal, an equal employment opportunity (EEO) complaint, and a U.S. district court case. *Heggins v. Department of Housing and Urban Development*, MSPB Docket No. DA-0752-16-0072-C-3, Compliance File (C-3 CF), Tabs 1-2. She alleged that the harassment and retaliation occurred in the form of unwanted verbal remarks and physical contact from agency employees, a proposed 14-day suspension, placement on administrative leave, an Office of Inspector General (OIG) investigation, and a

second proposal to remove her.  C-3 CF, Tabs 1-2, 6-7.  The administrative judge denied the petition, finding that:  (1) the appellant had failed to show how the second proposal to remove her or other instances of purported mistreatment violated the settlement agreement; (2) her claims of discrimination and retaliation were outside the scope of the agreement; (3) the appellant's supervisor's statements to the agency's OIG that the appellant "has been associated with other work related problems including being absent without leave in 2015," and that her "termination was initiated by HUD but later [she] was rehired after she allegedly filed a complaint for wrongful termination" did not violate the settlement agreement; and (4) the appellant was barred by collateral estoppel from challenging the proposal to suspend the appellant for 14 days because the administrative judge had addressed it in her initial decision regarding her first petition for enforcement.  C-3 CF, Tab 8, Compliance Initial Decision (C-3 CID) at 5-7.

The appellant has timely filed a petition for review of the third compliance initial decision.  *Heggins v. Department of Housing and Urban Development*, MSPB Docket No. DA-0752-16-0072-C-3, Compliance Petition for Review (CPFR) File, Tab 1.  The agency has opposed the petition.  CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id*.  In a compliance action based on a settlement agreement, the burden of proving noncompliance rests with the party asserting that the agreement has been breached.  *Raymond v. Department of the Navy*, 116 M.S.P.R. 223, ¶ 4 (2011). The appellant, as the party asserting the breach, must show that the agency failed

to abide by the terms of the settlement agreement. *Id*. The agency nonetheless is required to produce evidence that it has complied with the settlement agreement. *Id.*

As set forth below, we find each of the appellant's claims on review to be without merit, except for her allegation of retaliation following the execution of the settlement agreement, which warrants the remand of this matter to the regional office.

The appellant's claims regarding the agency's actions prior to the execution of the January 14, 2016 settlement agreement are waived under the settlement agreement.

On review, the appellant details numerous actions taken by the agency that she alleges are retaliatory.[2] CPFR File, Tab 1 at 4-6. First, the appellant alleges that, on June 29, 2015, her supervisor changed her schedule without warning, and that, on or about July 22, 2015, she was falsely accused of being AWOL. *Id*. at 4. The appellant also asserts that she reported to the agency's OIG and to a congressional member "as a whistleblower," and that her November 12, 2015 removal was retaliation for these actions.[3] *Id*. These claims of retaliation prior to the January 14, 2016 execution of the settlement agreement are foreclosed by the

---

[2] On review, the appellant does not appear to dispute the administrative judge's finding that she is estopped from claiming that the September 25, 2017 proposal to suspend her for 14 days mentioned the rescinded July 30, 2015 reprimand in violation of the settlement agreement, and we discern no reason to disturb this ruling, as the issue was actually litigated and was necessary to the administrative judge's decision dismissing the appellant's first petition for enforcement as moot. C-3 CID at 7; CID at 3-6; *see Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016) (holding that collateral estoppel is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action), *aff'd sub. nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). The appellant has also declined to challenge the administrative judge's finding that the agency did not improperly reference the July 30, 2015 reprimand or otherwise violate the settlement agreement in issuing the July 20, 2018 proposal to remove her, and we see no reason to disturb that finding. C-3 CID at 5-7.

terms of the settlement agreement. The settlement agreement provides, in relevant part, that the appellant "agrees to forever release and waive the right to file any complaint, claim, lawsuit, grievance, or appeal against the Agency . . . regarding any matter that was or could have been raised up through the date of the execution of this Agreement, except as may be necessary to seek enforcement of the terms of this Agreement." IAF, Tab 22 at 5. Accordingly, we decline to consider the appellant's allegations of retaliation prior to the execution of the agreement. *See, e.g., Clede v. Department of the Air Force*, 72 M.S.P.R. 279, 282-83 (1996) ("An appellant's waiver of Board appeal rights in a settlement agreement is enforceable and not against public policy if the terms of the waiver are comprehensive, freely made, and fair, and the execution of the waiver was not the result of duress or bad faith on the part of the agency"), *aff'd*, 113 F.3d 1257 (Fed. Cir. 1997) (Table).

<u>The Board lacks jurisdiction over the appellant's claims of discrimination and retaliation for protected whistleblowing activity in this compliance proceeding.</u>

The appellant asserts that she filed EEO complaints in 2015 and 2017 and a Board appeal in 2015. CPFR File, Tab 1 at 4. She further asserts that, after she filed her 2015 Board appeal and "won [her] job back," the "retaliation never stopped," and that her new supervisor belittled her and other supervisors spoke harshly to her. *Id*. The appellant asserts that she is the only young, African American female analyst within a six-state region with a secret clearance. *Id*. She claims that, under a new supervisor, she was denied training, medical treatment, the ability to care for her mother during surgery, and the ability to grieve her deceased brother. *Id*. at 5. She also asserts that her supervisor has lied

---

[3] The appellant also asserts on review that the agency's management had "unsavory alliances" with the union and that she suffered weight loss. CPFR File, Tab 1 at 4. The appellant did not raise these claims below, and we decline to consider them on review. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed, despite the party's due diligence).

and attempted to suspend her for a statement that she did not make and grabbed her three times, and that the new director is racist. *Id*. She states that she reported the grabbing incident "to EEO" and that her request to be reassigned from the department was denied. *Id*.

The appellant did not raise before the administrative judge her claims regarding the denial of training, medical treatment, the ability to care for her mother, the ability to grieve her brother, or the new director, and we decline to consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To the extent that the appellant alleges that the agency has subjected her to discrimination on the basis of her race, gender, age, or disability, or retaliation for her protected EEO activity, the Board does not have jurisdiction over such claims in the absence of an otherwise appealable action. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (stating that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action). A breach of a settlement agreement is not an independently appealable action. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 329 (1995). The administrative judge thus properly declined to consider the appellant's claims of discrimination. C-3 CID at 5.

The appellant also alleges that she was retaliated against for providing the Board with "whistleblower information" such as the sale of pornographic items at work. CPFR File, Tab 1 at 5. To the extent that the appellant alleges that the agency retaliated against her for engaging in protected whistleblowing activity, the Board is similarly without jurisdiction to consider the appellant's allegations in determining whether the agency breached the settlement agreement. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982); *see also Kuykendall*, 68 M.S.P.R. at 329 (providing that the appellant's claims under 5 U.S.C. § 2302(b)(1) and (b)(9) were immaterial to the issue of whether the agency

breached the settlement agreement). Should the appellant wish to file an individual right of action appeal claiming reprisal for whistleblowing, she may do so consistent with statute and the Board's regulations.

<u>The appellant's claims of retaliation following the execution of the settlement agreement warrant the remand of this matter for further adjudication.</u>

Finally, the appellant alleges that the agency engaged in unlawful retaliation when it failed to execute a proposed settlement agreement, placed her on administrative leave, initiated an OIG investigation, denied her legal representation, did not inform her of her *Weingarten* rights, forced her to give responses to an OIG investigator, gave false descriptions of her, and proposed her removal on July 20, 2018.[4] CPFR File, Tab 1 at 5-6.

The appellant raised in her petition for review, and throughout this compliance proceeding, the claim that the agency has retaliated against her for filing her Board appeal and returning to work as the result of the settlement of her appeal. *Id.* at 4; C-3 CF, Tabs 1-2. Implicit in any settlement agreement is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall*, 68 M.S.P.R. at 323. Even if an agreement does not explicitly prohibit retaliation or harassment, an agency's post-settlement harassment and retaliation against an appellant may constitute bad faith in implementing a reinstatement term, and thereby establish agency noncompliance with the settlement agreement. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 7 (2012); *Kuykendall*, 68 M.S.P.R. at 323-24. To establish that an agency breached the implied covenant of good faith with respect to a reinstatement term, an appellant must show that the agency's proven retaliatory or harassing actions,

---

[4] The appellant appears to refer to *National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251 (1975), which held that an employee has a right to union representation during an investigatory interview when the employee reasonably believes that discipline may result. *Weingarten*, 420 U.S. at 267. Although *Weingarten* only applies to private sector employees, Congress has granted Federal employees *Weingarten*-type rights, as set forth in 5 U.S.C. § 7114(a)(2). The appellant did not allege below that the agency did not inform her of her *Weingarten* rights and thus we decline to consider this claim. *See Avansino*, 3 M.S.P.R. at 214.

under the totality of the circumstances, amounted to an unjustified and substantial deprivation of rights as an incumbent of the position in question. *Stasiuk*, 118 M.S.P.R. 1, ¶ 7. A mere showing of some frictions, misunderstandings, or unpleasantness between the appellant and other employees or managers is insufficient to meet this burden. *Id*.

Here, the administrative judge did not consider whether the appellant's claims of retaliation and harassment were allegations that the agency acted in bad faith in implementing the settlement agreement. The record is not sufficiently developed to resolve this issue in the first instance on review. *See Williams v. Department of the Navy*, 79 M.S.P.R. 364, 367 (1998) (remanding for further development of the record a claim that the agency acted in bad faith in implementing a reinstatement order when the agency did not respond to the appellant's allegations of harassment and retaliation). In addition, neither the administrative judge nor the agency apprised the appellant of the means to establish noncompliance with a settlement agreement based upon bad faith. Accordingly, this matter must be remanded to the regional office for further adjudication regarding this issue. *See Stasiuk*, 118 M.S.P.R. 1, ¶ 8 (remanding a compliance matter for further adjudication when the administrative judge did not provide notice to the appellant of the means to establish noncompliance based upon bad faith). On remand, the administrative judge shall afford the parties an opportunity to present evidence and argument as to whether the agency violated the implied covenant of good faith in implementing the terms of the settlement agreement.

**ORDER**

For the reasons discussed above, we REMAND this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.