NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARBARA J. BLACKMON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1154

---

Petition for review of the Merit Systems Protection Board in No. CH-0845-20-0028-I-3.

---

Decided: October 8, 2025

---

BARBARA J. BLACKMON, Chicago, IL, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Barbara Blackmon petitions for review of a Merit Systems Protection Board (Board) decision dismissing her appeal for lack of jurisdiction. We *affirm*.

## BACKGROUND

Ms. Blackmon is a retiree who receives a Federal Employees Retirement System (FERS) disability retirement annuity. S. Appx. 42.[1] Over the last decade, Ms. Blackmon filed multiple appeals to the Board alleging the Office of Personnel Management (OPM) miscalculated her annuity, leading to underpayment. S. Appx. 2; Respondent's Informal Br. 2 n.1 (collecting Ms. Blackmon's Board appeals). During that period, OPM issued and later rescinded several overpayment determinations. S. Appx. 35; S. Appx 40; S. Appx. 49–50. Only a single pending initial decision, issued June 3, 2021, is relevant to this appeal. S. Appx. 49–50. OPM determined it had underpaid Ms. Blackmon by $848.34 and stated it would compensate her accordingly. S. Appx. 50. The decision separately notified Ms. Blackmon that OPM would continue to reduce her annuity for spousal survivor benefits because she failed to correct an improperly completed form. *Id.* Ms. Blackmon requested reconsideration of the decision one week later, claiming she had been underpaid by more than $848.34. S. Appx. 54–56.

Before receiving a ruling on her reconsideration request, Ms. Blackmon simultaneously appealed the initial decision to the Board on July 1, 2021, approximately one month after the initial decision issued. S. Appx. 25; S. Appx 51–53. On September 11, 2024, the Board dismissed the appeal for lack of jurisdiction because OPM had not issued a final decision. S. Appx. 1–3. Ms. Blackmon

---

[1] "S. Appx." refers to the supplemental appendix attached to Respondent's informal brief.

appeals.    We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review on appeal is limited.  We must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."   5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law we review de novo. *Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).  We review fact findings underlying the Board's jurisdictional analysis for substantial evidence. *Id.*

On appeal, Ms. Blackmon argues that the Board erred by failing to increase her annuity and that OPM ignored her request for reconsideration, which she filed over three years ago.  Petitioner's Br. 1–4.  Neither argument shows error.   Ms. Blackmon's compensation argument, which speaks to her claim's merits, is irrelevant to the only issue before this courtwhether the Board erred when it concluded it lacked jurisdiction.  Ms. Blackmon has not established error in the Board's conclusion that it cannot exercise jurisdiction without a final decision, even if one is unavailable partly because of OPM's delay.

An OPM decision must be "final" for the Board to exercise jurisdiction on appeal.  5 C.F.R. § 831.110.  A decision is final when OPM either (1) issues a final decision after a reconsideration request, or (2) expressly designates a decision as final, meaning no reconsideration rights attach. *See* 5 C.F.R. §§ 841.306–307.  The Board recognizes a narrow exception to this rule when OPM refuses or improperly fails to issue a final decision after a reconsideration request. *See Okello v. Off. of Pers. Mgmt.*, No. SF-0845-12-0702-I-1, 2014 WL 172054, at *502 (M.S.P.B. Jan. 16, 2014).  Here, it is undisputed that OPM has not issued a

final decision, and Ms. Blackmon never argued the factors sufficient to conclude that the *Okello* exception applies. Thus, the Board correctly concluded it lacked jurisdiction. *Nebblett v. Off. Of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001) ("OPM rescinded its 1995 final decision, thus depriving the Board of jurisdiction to hear [the petitioner's] appeal").

We recognize Ms. Blackmon's concern over her procedural standstill. We note, however, that so long as OPM has not issued a final decision, Ms. Blackmon is free to request a written explanation from OPM for any continued delay and to file another appeal to the Board arguing the *Okello* exception applies. 5 C.F.R. § 831.110; Respondent's Br. 8–9. Should Ms. Blackmon file such an appeal, the Board may properly consider in the first instance whether OPM's actions amount to a constructive refusal under *Okello*, thereby granting the Board jurisdiction.

## CONCLUSION

We have considered Ms. Blackmon's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.